The opinion of the court, dismissing the appeal, was delivered by
Green, C. J.
The rules of this court, as they existed un *656 der the ancient organization of the court, did not clearly prescribe by whom, in all cases, the state of the case should be prepared, nor did they impose any penalty upon the party setting down the cause, for failing • to prepare the case. To remedy this evil, rule twenty-third of the present rules was adopted. This rule directs that “ the state of the case, or abridgments of the pleadings and proofs, and of the petition of appeal, or of the record and assignment of errors, mentioned in the thirteenth rule, shall be furnished by the appellant or plaintiff in error, and, on failure thereof, the appeal or writ of error may be dismissed, with costs.”
Either party may set a cause down for hearing, but it is the duty of the appellant, in all cases, to prepare the state of the case. In case of neglect, the remedy is by dismissing the appeal. As it is the duty, so likewise it is the right, of the appellant to prepare the state of the case, or, at his option, to abandon the further prosecution of his appeal. Nor can he be deprived of that right, or subjected, against his will, to additional costs, by the adverse party preparing the case for him.
Whether the respondent, in case he, as well as the appellant, is aggrieved by the decree of the court below, and insists upon a hearing as essential to his rights, may bring the cause to a hearing against the will of the appellant, it is unnecessary now to decide. That is not the case before the court.
If the appellant, in the present instance, had prepared a state of the case, as by the rule he was authorized and required to do, the court must have heard the cause upon the case so made by him. He could not have been prejudiced or subjected to additional costs, by the error of the respondent’s counsel in making out another case. And it would seem, in the present stage of the cause, to be clearly the privilege of the appellant to insist upon his right of preparing the case, or of abandoning the appeal, at his pleasure. But, in such case, the respondent may at once move to dismiss the appeal, because no state of the case has been prepared by the appellant, as required by the rule. And if the appellant refuse to *657 go to hearing upon a case fairly prepared by his adversary, justice would require that the appeal should be dismissed for his laches. Under existing circumstances, therefore, the court are of opinion that it is in the option of the appellant either to submit to a dismissal of the appeal, by reason of his failure to prepare the state of the case, or to go to hearing upon the case prepared by the respondent, provided that case is fairly stated.
Various objections are made to the state of the ease as prepared by the repondent.
First. It is objected that the case as originally printed and served upon the appellant’s counsel, had many material parts of the pleadings and evidence printed in italics. In the cases now furnished to the court, the objectionable passages have been re-printed in Roman characters upon slips of paper, which are pasted over the original italics.
The court have in repeated instances condemned the practice of marking a case by italics, or of adopting any other mode of drawing the special attention of the court to such parts of the pleadings or evidence as the party may deem favorable to his interest; and, in at least one instance, the ease, for this error, has been ordered to be re-printed. The practice proceeds upon the plain ground that the party preparing the case should not be permitted to gain any advantage, however trivial, over his adversary, in bringing his case to the attention of the court. But whether the state of the case shall be rejected upon this ground must rest in the sound discretion of the court.
In the present instance it is clearly shown that the error was not designed. It was a mistake of the printer, and contrary to injunctions expressly given. The solicitor has endeavored, as far as practicable, to correct the error. On inspecting the case, we do not perceive that the objection is so serious as to require that the case should be re-printed. The case has, in fact, been so iar corrected, that the objectionable passages might probably have passed unnoticed, had not the attention of the court been specially directed to them.
Second. It is objected that no attempt was made to pre *658 pare an abridgment of the pleadings, and that the case is cumbered with much irrelevant matter, by which the court and counsel are needlessly embarrassed, and the party subjected to unnecessary costs.
So far as relates to the increase of costs, should the decree be against the appellant, his rights may be fully protected, upon the taxation of costsj and, if necessary, upon a motion for re-taxation. The court would not permit him to be subjected to unnecessary costs, especially where the state of the-case was improperly prepared by the adverse party.
It is due to the respondent’s counsel, by whom the case was prepared, to say that the case, as printed, appears to be in accordance with the usual practice of the court. On appeals from chancery it is usual, though certainly not necessary, to print the pleadings and evidence in full. The formal parts of the bill may always be advantageously omitted, and the pleadings in most cases materially abridged.
Third. It is objected that the case as printed and presented to the court is materially variant from that served upon the counsel of the appellant. No material variance has been pointed out. The mere change of italics to Roman characters constitutes no substantial variance. If, upon examination, variances should appear which are clearly substantial and material, the further progress of the cause may be arrested.
The cause must be heard upon the case prepared by the respondent’s counsel, unless the appellant elect to have the appeal dismissed.
Order accordingly.